Oscar Ronaldo **MEDINA NOVA;**
Agustina Escobar,
Petitioners,

v.

Michael B. **MUKASEY,** Attorney
General, Respondent.

Nos. 04–75475, 05–72040.

United States Court of Appeals,
Ninth Circuit.

Submitted April 22, 2008.*

Filed May 5, 2008.

 

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.       R.App. P. 34(a)(2).

Robert L. Lewis, Law Office of Robert L. Lewis, Oakland, CA, for Petitioners.

Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Dimitri N. Rocha, Oil, U.S. Department of Justice Civil Div./Office of Immigration Lit., Kathleen V. Gunning, Federal Deposit Insurance Corporation, Washington, DC, for Respondent.

Before: GRABER, FISHER, and BERZON, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

MEMORANDUM **

Oscar Ronaldo Medina Nova and his wife, natives and citizens of Guatemala and Mexico respectively, petition for review of the Board of Immigration Appeals' ("BIA") order dismissing their appeal from an immigration judge's decision denying their applications for asylum, withholding of removal and cancellation of removal, and denying their motion to remand (No. 04–75475), and the BIA's order denying their motion to reopen (No. 05–72040). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual determinations, *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), for abuse of discretion denials of motions to remand and reopen, *Castillo–Perez v. INS*, 212 F.3d 518, 523 (9th Cir.2000), and de novo claims of due process violations. *Id.* We dismiss in part and deny in part the petition for review in No. 04–75475, and we deny in part and dismiss in part the petition for review in No. 05–72040.

We lack jurisdiction to review the agency's determination that extraordinary circumstances did not excuse petitioners' untimely filed asylum application because the decision was based on disputed facts. *See Ramadan v. Gonzales*, 479 F.3d 646, 650, 656–57 (9th Cir.2007) (per curiam). We also lack jurisdiction to review petitioners' procedural due process contention because they failed to raise this claim before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir.2004).

Substantial evidence supports the agency's denial of withholding of removal. Medina Nova has failed to establish that his alleged persecutors acted on account of a protected ground or that he

has a well-founded fear of persecution on account of a protected ground. *See Elias–Zacarias,* 502 U.S. at 481–82, 112 S.Ct. 812. The BIA did not abuse its discretion in denying the motion to reopen with respect to withholding of removal because Medina Nova did not establish prima facie eligibility for that relief. *See Ordonez v. INS,* 345 F.3d 777, 784 (9th Cir.2003).

■ The evidence submitted with the motions to remand and reopen either concerned the same basic hardship grounds as petitioners' application for cancellation of removal or pertained to the inevitable passage of time between petitioners' removal hearing and the BIA's adjudication of their appeal. *See Fernandez v. Gonzales,* 439 F.3d 592, 602–03 (9th Cir.2006). We therefore lack jurisdiction to review the BIA's discretionary determination that the evidence was insufficient to establish a prima facie case of hardship. *See id.* at 601; *Castillo–Perez,* 212 F.3d at 525 (equating motions to remand and motions to reopen). Even assuming jurisdiction, the BIA did not abuse its discretion because Medina Nova has not established prima facie eligibility for cancellation of removal. *See Ordonez,* 345 F.3d at 784.

Petitioners' contention that the BIA deprived them of due process in denying their motions to remand and reopen by misapplying the law to the facts of their case is not colorable. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 930 (9th Cir.2005) ("traditional abuse of discretion challenges recast as alleged due process violations do not constitute colorable constitutional claims that would invoke our jurisdiction"). Moreover, because the BIA did not commit legal error in adjudicating the motions to remand and reopen, petitioners have not established a due process

violation. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

To the extent petitioners contend that the BIA failed to consider some or all of the evidence they submitted with their motions to remand and reopen, our conclusion that we lack jurisdiction to review their hardship claim forecloses this argument. *See Fernandez,* 439 F.3d at 603–04.

No. 04–75475: PETITION FOR REVIEW DISMISSED in part; DENIED in part.

No. 05–72040: PETITION FOR REVIEW DENIED in part; DISMISSED in part.